IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | Civil Action No. 1:03-cr-00118 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MARK R. DOLBIN, | : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court is an application to proceed in forma pauperis filed by Mark R. Dolbin ("Dolbin"), an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. (Doc. No. 236.) For the reasons that follow, the application will be denied without prejudice.

**I.   Background**

On September 14, 2007, Dolbin filed a letter with the Clerk of Court requesting copies of certain documents related to his recent re-sentencing in this Court, specifically, a transcript of his August 20, 2007, re-sentencing hearing, the "new and revised" pre-sentence investigation report[1], all documents filed subsequent to document number 203 in the above-captioned case, any letters sent from his family or friends to this Court bearing a date of July 16, 2007 or later, and the re-sentencing judgment and commitment issued August 31, 2007. (Doc. No. 235.) Accompanying this letter was an application to proceed in forma pauperis and a certified statement of Dolbin's account with the penitentiary. (Doc. No. 236.) Though he refers to

---

[1] In actuality, the Probation Department did not prepare a "new and revised" pre-sentence investigation report in anticipation of Petitioner's re-sentencing. (See Doc. No. 232, at 1 n.2; Def's Mot. for Downward Departure 1 n.2 ("No new [report] had been prepared.").)

himself as an "appellant" in his application, Dolbin has no petition or appeal pending before this or any other court of the Third Circuit.[2]

## II.     Discussion

Both 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24, the statutes governing in forma pauperis proceedings in, respectively, district and appellate courts, provide that a party seeking leave to proceed in forma pauperis shall submit an affidavit stating the nature of the action or defense or the issues on appeal.[3]  Likewise, the statute governing the payment of transcript fees in § 2255 actions, 28 U.S.C. § 753(f), specifies that such fees "shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).  The obvious purpose of these requirements is to permit a district court to examine the ground or grounds for an action, defense, or appeal and thereby ascertain whether or not it is of meritorious character, or, in the case of an appeal, whether or not there was probable error in its ruling.  Holland v. Capital Transit Co., 184 F.2d 686, 689 (D.C. Cir. 1950).

---

[2] Along with the case at bar, Dolbin lists the docket number for his recent appeal, United States v. Dolbin, No. 05-3673 (3d Cir.), in the "Case Number" section of his application.  The Third Circuit issued its opinion in that case on July 3, 2007.  Therefore, short of securing a writ of certiorari to the United States Supreme Court, those proceedings are effectively at an end.  Similarly, the case at bar came to a close with the issuance of the re-sentencing judgment and commitment on August 31, 2007, from which neither Dolbin nor the Government took an appeal.

[3] More exactly, § 1915 directs the party to submit an affidavit "state[ing] the nature of the action, defense or appeal." 28 U.S.C. § 1915(a)(1). By contrast, Rule 24 on its face demands a greater degree of specificity from the party by requiring that the affidavit "state[] the issues that the party intends to present on appeal." Federal Rules of Appellate Procedure 24(a)(1)(C).

Although an affiant's statement regarding the nature of the case or its issues should be clear and definite, few courts will demand that it be delivered with the fullness and precision of a formal pleading, especially in the case of pro se affiants who are generally spared the rigid standards imposed upon attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'" (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972))).  Thus, the requirements for pro se affiants proceeding under § 1915(a) and, by analogy, its aforementioned sister statutes, tend to be relatively relaxed.  As the Sixth Circuit has observed:

> Section 1915(a) does not clearly call for the kind of factual allegations which a party proceeding in forma pauperis must make in order to avoid a dismissal of his action.  Indeed, an affiant could well read section 1915(a)'s requirement that he state the nature of his action as a requirement that he merely provide a topical reference, such as 'employment discrimination' or 'civil rights,' accompanied by a cursory description.

Gibson v. R.G. Smith Co., 915 F.2d 260, 263 (6th Cir. 1990); see also Schweitzer v. Scott, 469 F. Supp. 1017, 1019 (C.D. Cal. 1979).  Nonetheless, pro se plaintiffs must "comply with the applicable rules of procedural and substantive law," Faretta v. California, 422 U.S. 806, 835 n.46 (1975), and a "paucity of detail would obviously render the complaint more vulnerable to dismissal," Gibson, 915 F.2d at 263.

Occasionally, in the absence of an adequate statement, a court can divine the nature of a case or its issues from without the affidavit, much as it might look beyond the "four corners" of the document to extrinsic or parole evidence when interpreting a contract.  Such was the case in United States v. Tapio, 991 F. Supp. 1144 (D.S.D. 1998), where the district court availed itself of an "in forma pauperis declaration included as part of [a prisoner's] model motion," as opposed to

3

the prisoner's affidavit, and proceeded to hold that, while the prisoner's affidavit "did not state the nature of the action being brought, the Court [was] nonetheless satisfied that the dictates of 29 U.S.C. 1915(a)(1) [had] been complied with." Id. at 1146-47.  Other courts, meanwhile, have seen fit to substitute the contents of post-trial motions and complaints for proper statements. E.g., Fiebelkorn v. United States, 77 Fed. Cl. 59 (2007) ("[S]tating the nature of plaintiff's action in a complaint, filed simultaneously with the Application, fulfills the requirements of the statute."); Pate v. Stevens, 163 F.3d 437, 439 (1998) ("[Petitioner's] motions for judgment as a matter of law and for a new trial presented clear arguments as to why he believed he was entitled to judgment [and, thus,] the district court was put on sufficient notice as to the issues [petitioner] intended to raise on appeal").  Taking matters to their logical conclusion, one circuit flatly proclaimed that "sometimes . . . the arguments to be advanced on appeal are so obvious that the district judge can make the determination under § 1915(a)(3) without the aid of a statement from the appellant."  Hyche v. Christensen, 170 F.3d 769, 771 (1999) overruled on other grounds by Lee. v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

     Given this obvious preoccupation with "proper" and "improper" statements, the revelation that Dolbin failed to provide the Court with any statement whatsoever may not come as a surprise.  Here, the application to proceed in forma pauperis directed Dolbin to "briefly" state the "nature of [his] action, defense, or other proceeding or the issues [he] intend[s] to present on appeal."  (Doc. No. 236, at 1.)  Dolbin's curious response, quoted in its entirety, was "To be announced."  Id.  While this Court, like those in Tapio, Fiebelkorn, and Pate, would readily look elsewhere for the required information, there is no motion, complaint, or petition

whereto it could look. Moreover, there is precisely nothing in the way of nature or issues to be gleaned from Dolbin's recent letter. (Doc. No. 235.)

**III.    Conclusion**

To borrow a line from of one of our sister courts in the Eastern District, "this Court does not wish nor intend to deny an indigent access to the courts through the privilege of in forma pauperis proceedings." Anderson v. Department of Navy, No. 89-2210 (E.D. Pa. Jan. 31, 1990) (denying motion for leave to proceed in forma pauperis where, inter alia, both the motion and the accompanying affidavit lacked a statement of appealable issues). But neither would this Court want the taxpayer to shoulder the costs of a fishing trip in pursuit of appealable issues, however slight those costs might be. Thus, inasmuch as it substitutes an indefinite promise for a proper statement, Dolbin's application to proceed in forma pauperis is facially inadequate and will be denied without prejudice.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff | : | Criminal Action No. 1:03-cr-00118 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **MARK R. DOLBIN,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 19th day of February, 2008, upon due consideration of Defendant's Application to Proceed In Forma Pauperis (Doc. No. 236) and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Application to Proceed In Forma Pauperis (Doc. No. 236) is **DENIED**.

2. Any future motion for leave to proceed in forma pauperis filed by or on behalf of Defendant shall clearly identify the relevant federal statute or rule, e.g., 28 U.S.C. § 1915, 28 U.S.C. § 753(f), or Federal Rule of Appellate Procedure 24, under which such motion is being brought.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania